Case 0:02-cr-00295-JRT-RLE Document 211-1 Filed 01/25/2007 Page 1 of 6

AO 245B (Rev. 06/05) Sheet 1 - Judgment in a Criminal Case

Released to Probation 1/5/07

# United States District Court

## District of Minnesota

UNITED STATES OF AMERICA
v.
**LEONARD EVANGELIST**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: **02-295-004 (JRT/RLE)**
USM Number: **10668-041**
Social Security Number: 2298
Date of Birth: 1949

**Thomas M. Kelly**
Defendant's Attorney

**THE DEFENDANT:**

[x] pleaded guilty to count **1**.
[] pleaded nolo contendere to counts(s) **which was accepted by the court.**
[] was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy | April 2001 | 1 |

**The defendant is sentenced as provided in pages 2 through 6 of this judgment**. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[] The defendant has been found not guilty on counts(s) .
[x] Counts **2 through 26** are dismissed on the motion of the United States.

It is ordered that the defendant **must** notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in the economic circumstances.

**January 5, 2007**
Date of Imposition of Judgment

s/John R. Tunheim
Signature of Judge

**JOHN R. TUNHEIM**, United States District Judge
Name & Title of Judge

January 25, 2007
Date

A true printed copy in 6 sheet(s) of the electronic record filed on 1/25/07 in the United States District Court for the District of Minnesota.
CERTIFIED, 1/26, 2007
RICHARD D. SLETTEN
BY: Deputy Clerk

SCANNED
FEB 2007

DEFENDANT: LEONARD EVANGELIST
CASE NUMBER: 02-295-004 (JRT/RLE)

# PROBATION

The defendant is hereby sentenced to probation for a term of **3 years**.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

[x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it shall be a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 0:02-cr-00295-JRT-RLE Document 211-1 Filed 01/25/2007 Page 3 of 6



DEFENDANT: LEONARD EVANGELIST
CASE NUMBER: 02-295-004 (JRT/RLE)

## ADDITIONAL PROBATION TERMS

a The defendant shall provide the probation officer access to any requested financial information.

b The defendant shall comply with the District of Minnesota Offender Employment Policy which may include participation in training, counseling, and/or daily job searching as directed by the probation officer. If not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, the defendant may be required to perform up to 20 hours of community service per week until employed, as approved or directed by the probation officer.

c The defendant shall participate for a period of 30 days in a home detention program which may include electronic monitoring. (The defendant is ordered to pay for the costs of the electronic monitoring.)

Case 0:02-cr-00295-JRT-RLE Document 211-1 Filed 01/25/2007 Page 4 of 6



DEFENDANT: LEONARD EVANGELIST
CASE NUMBER: 02-295-004 (JRT/RLE)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100 | | $226,678 |

[] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name and Address of Payee** | ****Total Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| MSI Insurance<br>Mr. Jim Richards<br>Two Pine Tree Drive<br>Arden Hills, MN 55112 | $43,571.71 | $43,571.71 | 1st |
| Progressive Insurance<br>Mr. Bruce Raines<br>5720 Smetana Road #200<br>Minnetonka, MN 55343 | $63,079.68 | $63,079.68 | 1st |
| Allstate Insurance<br>Mr. Brian Soli<br>965 Prairie Center Drive<br>Eden Prairie, MN 55344 | $82,762.87 | $82,762.87 | 1st |
| Met Life Property Casualty Insurance<br>Mr. Larry Cholewin<br>P.O. Box 7002<br>Libertyville, IL 60048 | $33,759.31 | $33,759.31 | 1st |
| State Farm Insurance<br>Ms. Sandra Drendel<br>8500 State Farm Way<br>Woodbury, MN 56125 | $3,504.43 | $3,504.43 | 1st |
| **TOTALS:** | **$226,678.00** | **$226,678.00** | **100.00%** |

**Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.**

[] Restitution amount ordered pursuant to plea agreement $.

Case 0:02-cr-00295-JRT-RLE Document 211-1 Filed 01/25/2007 Page 5 of 6

[] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[x] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[x] the interest requirement is waived for the [] fine [x] restitution.

[] the interest requirement for the: [] fine [] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

Case 0:02-cr-00295-JRT-RLE Document 211-1 Filed 01/25/2007 Page 6 of 6



DEFENDANT: LEONARD EVANGELIST
CASE NUMBER: 02-295-004 (JRT/RLE)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [] Lump sum payment of $ due immediately, balance due

[] not later than , or
[] in accordance [] C, [] D, [] E, or [] F below; or

B [] Payment to begin immediately (may be combined with [] C, [] D, or [] F below); or

C [] Payment in equal (e.g., weekly, monthly, quarterly) installments of $ over a period of (e.g. months or years), to commence (e.g. 30 or 60 days) after the date of this judgment; or

D [x] Payment in equal **monthly** installments of **not less than $50.00** over a period of **3 years**, to commence **30 days** after the date of this judgment.

E [] Payment during the term of supervised release will commence within (e.g. 30 or 60 days ) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[x] Joint and Several
Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

**Leonard Evangelist (02-295-004); total amount $226,678; joint and several amount $226,678.**
**Howard Pindyck (02-295-001); total amount $226,678; joint and several amount $226,678.**
**Phillip Bruno (02-295-002); total amount $226,678; joint and several amount $226,678.**
**Michael Czichray (02-295-003); total amount $226,678; joint and several amount $226,678.**

[] The defendant shall pay the cost of prosecution.

[] The defendant shall pay the following court cost(s):

[] The defendant shall forfeit the defendant's interest in the following property to the United States:

**Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7)penalties, and (8) costs, including costs of prosecution and court costs.**